Amended Complaint to Cases No's 19-11235-LTS and 19-11406-LTS

Pro Se 1 (Rev. 09/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT
для the
District of Massachusetts

Shawn T. McClinton
Plaintiff(s)
(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)

-v-

City of Boston, Boston Police Dept's
Shift Commander Duty Supervisor Lt Leighton → (Lt Leighton Facey)
Facey ID# 1217, Boston Police Department Area B2
Defendant(s)
(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names.)

Case No. _____
(to be filled in by the Clerk's Office)

Jury Trial: (check one) ☐ Yes ☐ No

## COMPLAINT FOR A CIVIL CASE

FILED IN CLERKS OFFICE 2019 SEP 16 PM 12:50 U.S. DISTRICT COURT DISTRICT OF MASS.

I. The Parties to This Complaint
    A. The Plaintiff(s)

    Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

    Name                Shawn T. McClinton
    Street Address      200 Nashua St
    City and County     Boston     Suffolk
    State and Zip Code  Ma     02114
    Telephone Number    _____
    E-mail Address      _____

B.  The Defendant(s)

    Provide the information below for each defendant named in the complaint, whether the defendant is an
    individual, a government agency, an organization, or a corporation. For an individual defendant,
    include the person's job or title (if known). Attach additional pages if needed.

Page 1 of 5

Pro Se 1 (Rev. 09/16) Complaint for a Civil Case

Defendant No. 1
- Name: City of Boston
- Job or Title (if known):
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address (if known):

Defendant No. 2
- Name: Boston Police Dept'r shift commander, Duty Supervisor Lt Facey ~~Lieutenant~~ Leighton ID# 1217
- Job or Title (if known): Shift commander, Duty supervisor of the Boston Police Dept.
- Street Address: (Work Address) 2275 Washington St
- City and County: Boston    Suffolk
- State and Zip Code: Ma    02119
- Telephone Number:
- E-mail Address (if known):

Defendant No. 3
- Name: Boston Police Department Area B2
- Job or Title (if known): Protecting the city of Boston.
- Street Address: 2275 Washington St
- City and County: Boston    Suffolk
- State and Zip Code: Ma    02119
- Telephone Number:
- E-mail Address (if known):

Defendant No. 4
- Name:
- Job or Title (if known):
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address (if known):

Note to Clerk: This is the amended complaint to replace complaints in Civil Action Nos 19-11235 and 19-11406 which is consolidated and proceeding under Civil Action No. 19-11235.

This amended complaint answers and corrects everything that was order for Mr McClinton to correct. see Civil action Nos 19-11235 and 19-11406 (B) "review of the claims" section. Other section of the original complaint does not need to be replaced. Please consolidate what does not need to be replaced from civil action Nos 19-11235 and 19-11406. to this Amended Complaint... This amended complaint is to Replace the title of the Civil action Nos. 19-11235 and 19-11406 along with the defendants named in the "The parties to This Complaint" section. This amended complaint is to be added to the "Statement of Claims" section. This amended complaint is to be added to the "Relief" section, and this amended complaint states that the Plaintiff requests a jury trial if needed. As for the "Basis for Jurisdiction" section of civil action Nos 19-11235 and 19-11406 this section needs not be replaced. Neither does the "Certification and Closing" section, and the "cover sheet" section. Thank You for your time and Attention.

Sincerely,

Shawn McClinton.

Please "Amended Complaint."

Add the Following to "Statement of Claim" in Civil action Nos 19-11235 and 19-11406. Please make sure those Statement of claims are combined as well. (Thank you!).

Paragraph #1

Defendant #1 City of Boston. The City of Boston has inadequate police training when it comes to medical attention: Due to the fact that there was a deliberate indifference of the Plaintiffs Mr McClintons rights to be treated

for the injury that he obtained during his confrontation with Police officer Kevin J. McClay ID# 103767 and Police officer Mathew L. Walsh ID# 126521. If the city of Boston trained the Boston Police properly in injury awareness Mr McClinton would have been treated for his injury and would not had to suffer in excruciating pain overnight at the police station. Due to the inadequacy of training the city of Boston gives to its police officer the city of Boston is liable for Boston Police Lt Facey's actions. If the City of Boston trained the police properly, Lt Facey would not have been able to deliberately deny Mr McClinton medical attention

Pg 1 of 5

when The Plaintiff Mr McClinton complained about his wrist being broken, and ask to be escorted to the hospital. (Go to * at bottom of page)

Paragraph #2

Defendant #2 - Shift Commander Duty Supervisor Lt Facey ID# 1217

Lt Facey Neglected to follow the city of Boston / Boston Police Dept's Policy that instructs what needs to be done when a detainee has a broken or fractured limb. While acting under the color of state law. On Oct 5, 2017 was told of the Plaintiff's Shawn T McClinton's injury and the Plaintiff's request for medical attention. The Defendant Lt Facey denied the plaintiff from receiving medical attention, this went against B.P.D policy. Lt Facey the defendant denied the plaintiff Mr McClinton medical attention in order to punish Mr McClinton. Duty supervisor Lt Facey's actions directly deprived the plaintiff Mr McClinton of his constitutional rights, violating Mr McClinton 14 amendment right to receive necessary medical attention while in police custody. Lt. Facey also violated the Plaintiff Mr McClinton's U.S. constitution # 8 and Mass Declaration Rights Art# 26 Cruel and unusual punishment, due to the fact that the reason Lt Facey did not follow BPD Policy / city of Boston Policy to summons medical care for Mr McClinton was to punish Mr McClinton the Plaintiff because Mr McClinton was alleged to have assaulted Lt Facey's Boston Police Officers Kevin J McClay ID# 103767 and Mathew L Walsh ID# 126521. Lt Facey's denying the Plaintiff medical attention was also done in an attempt to cover up the injuries that the Plaintiff Mr McClinton received from the brutal attack that officers administered on him. Proof that Lt Facey was on Duty acting under the color of state law and intentionally deliberately violated the Plaintiff's Mr McClinton's constitutional rights is Mr

McClintons injury report V2017-317 dated 10-05-2017 and written by Lt Facey. Lt Facey is the supervisor who Authorizes hospital runs, and the summons of ambulances, Lt Facey Author

\* (Continued from above) The City of Boston failed to mandate a mandatory required medical training course for the Boston Police Department to train their police officers to properly examine detainees in injury awareness so that the officers can determine when a detainee needs hospital treatment upon their (the detainees) request. The city of Boston failed to require the

Pg 2 of 5

Thank you for your time and Attention

Boston Police Department to hire medical staff for the needed position of determining when a detainee who is injured needs medical attention from a hospital for their injuries that just occurred and for other needed medical needs that a detainee may have due to health issues, because of the City of Boston failing to require a medical training course in injury awareness and or failing to require hiring of the needed medical staff for the Boston Police Department to do, the Plaintiff Mr McClinton's 1st US constitution 14 amendment right to receive necessary medical attention while in police custody was violated and the plaintiff Mr McClinton was a victim to cruel and unusual punishment which is a violation of the 8th amendment to the U.S. constitution. Mr McClinton was in excruciating pain.

**Defendant #3** Boston Police Department: The Boston Police Department failed to have a medical staff with the capability to examine detainees, treat injuries, and make a medical determination whether the detainee needs medical attention that is given by an hospital such as x-rays, surgeries, and pain medication. In Canton v. Harris 489 U.S. 378 (1989) Id at 388 the court held that "the inadequacy of police training may serve as the basis for liability only when the failure to train amounts to deliberate indifference to the rights of persons with whom the police come in contact". In the case at bar, because the Boston Police Department failed to train the police to examine, treat, and detect injuries needing hospital attention and or the Boston Police Departments failure to have an on duty medical staff with such capabilities, this resulted to a deliberate indifference to the plaintiff Mr McClinton's rights when Lt Facey of the Boston Police Department came in contact with Mr McClinton, due to the fact that detainees with injuries that the Plaintiff Mr McClinton sustained are brought to the hospital by ambulance and Police escorts with

are brought to the hospital by ambulance and police escorts with Lt Faery's approval. Canton v. Harris says that the municipality could be held liable under 1983 for failure to train police officers about summoning medical care for a detainee in this circumstance. Therefor the Boston Police Department (or The municipality) is liable for violating the plaintiff Mr McClinton's 14th Amendment right to receive necessary medical attention while in police custody. 8th amendment cruel and unusual punishment was inflicted on Mr McClinton the plaintiff because of the Boston Police Departments failure to summons medical care for Mr McClinton. Mr McClinton suffered

excruciating
in ↑ Pain at the police station overnight.

### Add to Relief.    punitive damages

The Plaintiff Shawn T. McClinton seeks monetary relief,↑ from the city of Boston for the sum of 50 million dollars due to the facts stated in paragraph 1, 2, and 3. The City of Boston is liable for not mandating a mandatory course of training that the Boston police department teach to the Boston Police officers a course on injury awareness that will prevent a detainee from being neglected of immediate needs of medical attention, the City of Boston is liable for not mandating and requiring that all Boston police Departments have medical staff on duty on every shift so that detainees can be properly examined for injuries that may need hospital treatment. The lack of these is the cause of the Plaintiff's U.S. constitutional 14th amendment right to receive necessary medical attention while in police custody to be violated, the plaintiff also seeks monetary relief from the city of Boston the city of Boston for the sum of 50 million dollars for his pain and suffering, punitive damages, and the violation of his 8th amendment right not to be inflicted by cruel and unusual punishment.

The Plaintiff Shawn T. McClinton seeks monetary relief from Lt Facey the shift Commander duty supervisor of the Boston police Department Area B2 for the sum of 50 million dollars due to the fact that the defendant Lt Facey neglected the plaintiff Mr McClinton of his 14 amendment right to receive necessary medical attention while in police custody, and inflicting cruel and unusual punishment on the plaintiff violating the 8th amendment by f/a the failure to give authorization for an ambulance to be summons so that Mr. McClinton can receive the necessary medical attention for his injuries. Money is to also for punitive damages.

The Plaintiff Shawn T. McClinton seeks monetary relief from the

Plaintiff Shawn T McClinton seeks monetary relief from the [puni]tive damages from the Boston police department for the sum of [x] Million dollars due to the facts stated in paragraph 2 and 3. [The] Boston Police Department is liable for the violation of the Plaintiff [Shaw]n T McClinton's 14 amendment right receive necessary medical [att]ention while in police custody and the infliction of cruel and unusual [pun]ishment upon the plaintiff which is against the 8th amendment. The [Bost]on police Department is liable because of their failure to teach a [tra]ining course to Lt Facey and on injury awarness, this type of course

pg 4 of 5

is needed due to the fact that Lt Facey's position at the Boston Police department is Shift commander duty Supervisor, this position gives all authorization to summons ambulance or escort detainees to hospitals for necessary hospital treatment. The Boston Police Department is liable because of their failure to have on duty medical staff who can advise the shift commander of the injured detainees needs for necessary hospital treatment.

The total amount of monetary demands the Plaintiff demands from defendant #1 The City of Boston is 100 million dollars.

The total amount of monetary demands the Plaintiff demands from defendant #2 The Boston Police Department's Shift commander duty supervisor Lt Facey ID# 1217 is 50 million dollars.

The total amount of monetary demands the plaintiff demands from defendant #3 The Boston Police Department Area B2 is 50 million dollars.

The Plaintiff Shawn T McClinton is requesting a Trial by Jury.

Pro se
Shawn McClinton
*/s/ Shawn McClinton*

9 5of 5