UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

)
SHAWN T. MCCLINTON,                              )
                                                 )
       Plaintiff,                                 )
                                                 )
       v.                                         )    Civil Action No. 19-11235-LTS
                                                 )
BOSTON POLICE DEPARTMENT, et al.,                )
                                                 )
       Defendants.                                )
                                                 )

ORDER

September 18, 2019

SOROKIN, D.J.

     For the reasons set forth below, the Court will order that summonses issue and that the plaintiff complete service of the summonses and amended complaint.

**I.    Background**

     Pro se plaintiff Shawn T. McClinton, who is incarcerated at the Suffolk County House of Correction, filed two actions against the Boston Police Department ("BPD"). In its August 21, 2019 order (ECF No. 4), the Court summarized the allegations of the two complaints:

> [O]n October 5, 2017, McClinton was assaulted by two police officers of precinct B-2 of the BPD. He claims that while he was in the precinct B-2 overnight, he complained of severe pain from his fingers to his shoulders and requested to go to the hospital. His requests were refused. The next day, after appearing in Roxbury District Court and being released on bail, he sought medical treatment. After an x-ray was taken, McClinton was diagnosed with a fractured wrist. McClinton also represents that on his following court date, the judge ordered BPD to provide the booking video showing how McClinton was injured. McClinton reports that on January 4, 2019, a "sanction hearing" was held after the BPD refused to provide the booking video and had in fact destroyed the video.

Order (ECF No. 4) at 1-2. In light of the common questions of law and fact at issue, the Court ordered that the cases be consolidated into a single action under Civil Action No. 19-11235-LTS. The Court also ordered that McClinton file a single amended complaint to combine the claims of both pleadings and cure certain pleading deficiencies.

McClinton timely filed his amended complaint (ECF No. 11), naming the City of Boston, BPD Lieutenant Leighton Facey, and "Boston Police Department Area B2" as defendants. Id. at 1-2. In his statement of the claim, McClinton writes that the "amended complaint answers and corrects everything that was order[ed] for McClinton to correct. . . . . Other section[s] of the original complaint do[] not need to be replaced." Id. at 3. He requests, "Please consolidate what does not need to be replaced from civil action nos. 19-11235 and 19-11406 to this Amended Complaint." Id. Under a subsequent heading in the amended complaint he asks: "Add the following to "Statement of Claim" in Civil Action[s] Nos. 19-11235 and 19-11406. Please make sure those statements of claims are combined as well." Id. at 3.

## II. Discussion

### A. Incorporation of Original Complaints into Amended Complaint

The Court's purpose in requiring McClinton to file an amended complaint was not only to have him cure pleading deficiencies but also to combine all his claims into one pleading, without reference to the earlier complaint. "An amended complaint, once filed, normally supersedes the antecedent complaint. Thereafter, the earlier complaint is a dead letter and no longer performs any function in the case." Newman v. Lehman Bros. Holdings Inc. 901 F.3d 19, 27 n.8 (1st Cir. 2018) (quoting Connectu LLC v. Zuckerberg, 522 F.3d 82, 91 (1st Cir. 2008)). It is clear, however, that McClinton did not know that an amended complaint is generally considered without reference to earlier pleadings. In light of McClinton's apparent

misunderstanding, his specific directives that his amended complaint incorporate the statement of facts in the original complaints, and the interests of judicial economy and justice, the Court will construe the amended complaint as incorporating the statement of facts in the original complaints in Civil Action Nos. 19-11235 and 19-11406.

### B. Defendant "Boston Police Department Area B2"

In the amended complaint, McClinton names the City of Boston and "Boston Police Department Area B2" as defendants. As the Court explained in its August 21, 2019 order, the Boston Police Department is a municipal department of the City of Boston rather than an independent legal entity. See Curran v. City of Boston, 777 F. Supp. 116, 118, 120 (D. Mass. 1991). Thus, naming "Boston Police Department Area B2" as a defendant is improper, if not redundant. "Boston Police Department Area B2" shall be terminated as a separate defendant, and the claims brought against "Boston Police Department Area B2" shall be construed as claims against the City of Boston.

## III. Order

In accordance with the foregoing, the Court hereby orders:

1. The operative pleading of this action shall be construed as constituting (1) the amended complaint filed by McClinton on September 16, 2019 (ECF. No. 11); (2) the "Statement of the Claim" on page five (5) of the original complaint filed in Civil Action No. 19-11235-LTS (ECF No. 1); and (3) the "Statement of the Claim" on page six (6) of the original complaint filed in Civil Action No. 19-11406-LTS (ECF No. 1). The Clerk shall separately docket the aforesaid pages from the original complaints as a separate docket entry in this action entitled "Continuation of Amended Complaint [11]." All further mention in this order to the "amended complaint" incorporates by definition this two-page continuation of the pleading.

2. "Boston Police Department Area B2" shall be terminated as a separate defendant. All claims brought against "Boston Police Department Area B2" shall be construed as claims against the City of Boston.

3. The Clerk shall issue summonses for the City of Boston and BPD Lieutenant Leighton Facey. McClinton is responsible for ensuring that the defendants are served with a summons and a copy of the amended complaint, and that said service is executed in accordance with Rule 4 of the Federal Rules of Civil Procedure.

4. The aforesaid service must be completed within 90 days of the issuance of the summonses. Failure to complete service in a timely fashion may result in dismissal of the action without prior notice to the plaintiff. See Fed. R. Civ. P. 4(m); Local Rule 4.1 (D. Mass.)

5. Because McClinton is proceeding in forma pauperis, he may elect to have the United States Marshals Service ("USMS") complete service with all costs of service to be advanced by the United States. If so asked by the plaintiff, the USMS shall serve a copy of the summonses, amended complaint, and this order on the defendants as directed by the plaintiff. McClinton is responsible for providing the USMS all copies for service and for completing a USM-285 form for each party to be served. The Clerk shall provide McClinton with forms and instructions for service by the USMS.

SO ORDERED.

/s/ Leo T. Sorokin
UNITED STATES DISTRICT JUDGE