UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| SHAWN T. MCCLINTON, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil No. 19-11235-LTS |
| CITY OF BOSTON, LT. LEIGHTON FACEY | ) | |
| Defendants. | ) | |

ORDER ON MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (DOC. NO. 24)
AND MOTION FOR MEDICAL RECORDS (DOC. NO. 33)

March 16, 2020

SOROKIN, J.

Pro se Plaintiff Shawn T. McClinton sued the City of Boston and Lieutenant Leighton Facey for alleged constitutional violations that occurred when he was in police custody on October 5, 2017. The Court's September 18, 2019 Order summarizes the relevant allegations and defines the documents comprising the operative Amended Complaint. Doc. No. 12. Now before the Court is the City of Boston's motion to dismiss the Amended Complaint for failure to state a claim, Doc. No. 24, as well as McClinton's motion for medical records created during his October 6, 2017 intake at Massachusetts General Hospital, Doc. No. 33.

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint "must provide fair notice to the defendants and state a facially plausible legal claim." Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly,

550 U.S. 544, 556 (2007)). While Rule 12(b)(6)'s demands are modest, it "is not entirely a toothless tiger." Dartmouth Rev. v. Dartmouth Coll., 889 F.2d 13, 16 (1st Cir. 1989) (noting that the "threshold for stating a claim may be low, but it is real."). "The pleader must show an entitlement to relief by including in the complaint enough factual material to raise a right to relief above the speculative level if the facts alleged are accepted as true." Faculty, Alumni, & Students Opposed to Racial Preferences v. Harvard Law Review Ass'n, No. CV 18-12105-LTS, 2019 WL 3754023, at *4 (D. Mass. Aug. 8, 2019) (quoting Ocasio-Hernandez, 640 F.3d at 12) (internal quotation marks omitted).

Here, McClinton's Amended Complaint, even "accept[ing] as true all well-pleaded facts in the complaint and draw[ing] all reasonable inferences in [McClinton's] favor," fails to state a claim upon which relief may be granted. Gargano Liberty Intern. Underwriters, Inc., 572 F.3d 45, 48 (1st Cir. 2009). First, McClinton has failed to properly plead a 42 U.S.C. § 1983 claim against the City of Boston because he has not alleged that unconstitutional actions taken against him were "caused by a 'policy or custom' of the [municipal] government." Estate of Bennett v. Wainwright, 548 F.3d 155, 177 (1st Cir. 2008) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978)). In this case, McClinton's § 1983 claim is premised, in part, on the City's alleged failure to train Boston Police Department officers "to properly examine detainees" and determine whether detainees "need[] hospital treatment[.]" Doc. No. 11 at 6. However, "[t]riggering municipal liability on a claim of failure to train requires a showing that municipal decisionmakers either knew or should have known that training was inadequate but nonetheless exhibited deliberate indifference to the unconstitutional effects of those inadequacies." Haley v. City of Boston, 657 F.3d 39, 52 (1st Cir. 2011). Moreover, the mere "fact that training is

imperfect or not in the precise form a plaintiff would prefer is insufficient to make such a showing." Young v. City of Providence ex rel. Napolitano, 404 F.3d 4, 27 (1st Cir. 2005).

Here, McClinton's Amended Complaint does not provide sufficient factual allegations to state such a claim. Rather than allege that unconstitutional actions taken against him were the result of a municipal policy or custom that was deliberately indifferent to his constitutional rights, McClinton instead alleges that "Lt. Facey did not follow BPD policy/City of Boston policy to summon medical care" in order to "punish" McClinton. Doc. No. 11 at 5. These allegations, on their face, are insufficient to state a claim that the City's training was deliberately indifferent to McClinton's constitutional rights. Penate v. Hanchett, 944 F.3d 358, 368 (1st Cir. 2019) (holding "that knowledge of isolated instances of even confirmed unconstitutional activity is ordinarily insufficient to show deliberate indifference" at the pleading stage) (internal quotation marks omitted). Thus, McClinton's Amended Complaint fails to set forth sufficient factual allegations to state a claim based on the City's failure to train Lt. Facey.

McClinton's Amended Complaint also briefly alleges that the Boston Police Department "refused to provide" a "booking video" that allegedly "show[s] how McClinton was injured," and further alleges that the City "in fact destroyed the video." Doc. No. 12 at 1. These allegations, without more, are insufficient to state a § 1983 claim against the City. Cf. Cosenza v. City of Worcester, Massachusetts, 355 F. Supp. 3d 81, 92 (D. Mass. 2019) (holding that a § 1983 claim may survive a motion to dismiss when it alleges that "Boston maintained a policy 'under which Boston police officers regularly kept helpful evidence from criminal defendants.'") (quoting Haley, 657 F.3d at 52). Accordingly, the City's motion to dismiss the Amended Complaint for failure to state a claim (Doc. No. 24) is ALLOWED.

McClinton has also filed a motion for medical records, seeking records created during his October 6, 2017 intake at Massachusetts General Hospital, including "the examinations of his injuries" and "x-rays that were taken that day[.]" Doc. No. 33. Typically, a litigant seeking these sorts of medical records proceeds by serving a subpoena on the records custodian of the hospital where the litigant received care. See Discovery and Evaluation of Medical Records, 78 Am. Jur. Trials 559 (2001) (describing the "type of subpoena that may be used in order to obtain hospital records," including "medical reports, data, records, and X-rays"). However, given McClinton's status as a pro se litigant, the Court hereby ORDERS Massachusetts General Hospital to produce, within 30 days, records related to McClinton's October 6, 2017 intake, including any examination reports and x-rays. McClinton shall serve a copy of this Order on the records custodian of Massachusetts General Hospital, as well as on counsel for the City of Boston.

                                              SO ORDERED.

                                              /s/ Leo T. Sorokin
                                              Leo T. Sorokin
                                              United States District Judge